### KILEY *v.* BOND.

1. HIGHWAYS—DRAINS.

The legislature may authorize the laying of drains in highways by other officers than those having the highways in charge.

2. SAME—HIGHWAY OFFICERS—PARTIES TO DRAIN PROCEEDINGS.

The question whether the highway officers should be made parties to a proceeding to deepen and widen a drain located within the limits of a highway is not open to consideration in a suit by adjacent land owners to enjoin the prosecution of the work.

3. SAME—NARROW ROADWAY—INJUNCTION.

The widening of a drain constructed in a highway will not be enjoined at the suit of adjacent land owners on the ground that it would render the roadway so narrow as to be unsafe, where there is nothing to indicate that the danger could not be obviated by the erection of suitable barriers.

Appeal from Monroe; Kinne, J. Submitted June 17, 1897. Decided September 23, 1897.

Bill by Peter Kiley and others against Albert Bond, county drain commissioner, to enjoin the deepening and widening of a drain. From a decree for complainants, defendant appeals. Reversed.

*George M. Landon* and *C. A. Golden,* for complainants.

*E. R. Gilday* and *Willis Baldwin,* for defendant.

HOOKER, J. The circuit court for the county of Monroe, in chancery, made a decree enjoining the deepening and widening of a drain known as the "Ross Drain," as projected, within the limits of a certain highway, adjacent to the premises of the complainants. The highway was laid out and opened about the year 1866, some six years after the original drain was established. This drain is now within the limits of the highway, and it is proposed to increase its width to about 25 feet, all of which will be within the highway, except, as the defendant claims, 2 to 5 feet. If, therefore, we take the defendant's estimate, and say that 20 feet will be within the limits of the highway, it would leave 46 feet of a 4-rod roadway for highway purposes. The complainants claim, however, that this road, in the widest place, is but 52 feet between fences, while at most points it is under 45, and in one or more places it is less than 42, feet wide.

The important questions raised by the complainants are:

1. That the county drain commissioner has no jurisdiction, because notice was not given to the highway commissioner.

2. That the attempted widening and deepening will be equivalent to a discontinuance of or substantial injury to the highway.

3. That the abutting owners may appeal to the court to prevent such threatened discontinuance of or substantial injury to the highway.

It has been the settled policy of this State to permit the use of highways for drainage purposes, as appears from the legislation upon the subject from 1819, when Michigan was a territory, until the present time. See 1 Ter. Laws, p. 453; 2 Ter. Laws, p. 325; Act No. 169, Laws 1857; Act No. 257, Laws 1859; Act No. 216, Laws 1861; Act No. 43, Laws 1869; Act No. 98, Laws 1871; Act No. 269, Pub. Acts 1881. We have no doubt that it is within the power of the legislature to permit this, and that it may authorize the laying of drains in highways by other officers than those having the highways in charge. See *Conrad* v. *Smith*, 32 Mich. 429. In cities sewers are

uniformly constructed in the highways, and they are not usually constructed by or under the supervision of highway officers.

Whether such officers should be consulted, or made parties to proceedings to lay sewers or drains, need not be discussed here, as the public is not complaining. The complainants are adjacent land holders, who must stand upon their own equities or jurisdictional defects. This law does not require notice to be served on highway officers, but, if it did, we do not discover that such notice was omitted, or that the service was not made upon the township, as the law directs.

If it be conceded that the drain commissioner may not lawfully use so much of the highway as to practically preclude public travel or safety, we are not satisfied that we have such a case before us. If this highway were of the full statutory width, there would be no difficulty in the matter, and, if it be less than that, there is nothing to indicate that it cannot be made safe by the erection of fences and barriers, as provided by law in cases where natural watercourses encroach unduly upon the highways. We think that the evidence shows that there would be sufficient room for public travel, and, if the township authorities were not satisfied to provide the necessary safeguards that the protection of these complainants and the general public required, we may suppose that they would let it be known.

A decree will be entered dismissing the complainants' bill, with costs of both courts.

The other Justices concurred.